UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BILLY BURKETTE**                                                                                  **CIVIL ACTION**

**VERSUS**

**ALLSTATE INSURANCE COMPANY**                              **NO. 08-386-D-M2**

## RULING & ORDER

This matter is before the Court on the Motion to Compel Discovery (R. Doc. 14) filed by defendant, Allstate Insurance Company ("Allstate"). Plaintiff, Billy Burkette ("Burkette"), has filed an opposition (R. Doc. 18) to Allstate's motion.

## FACTS & PROCEDURAL BACKGROUND

This suit arises from a claim Burkette made against his Allstate homeowner's insurance policy. The loss occurred on June 5, 2007, when a water oak tree allegedly fell on his house, damaging a water heater in the attic of the house and causing water damage to the entire structure. On July 31, 2008, Allstate propounded its First Interrogatories and Requests for Production of Documents to Burkette. Burkette responded to those discovery requests on October 27, 2008; however, Allstate contends that those responses are "sparse and incomplete."

On December 10, 2008, Allstate propounded its Second Interrogatories and Requests for Production of Documents to Burkette. According to Allstate's motion, no objections or responses to those discovery requests have ever been received by Allstate. On December 5, 2008, a telephone status conference was held in this matter between counsel and the Court, at which time an Order (R. Doc. 10) was issued, directing the

1

parties to comply with all outstanding discovery requests no later than one (1) week prior to the settlement conference scheduled for January 9, 2009.  The settlement conference was continued without date on January 6, 2009 based upon the parties' need to obtain and evaluate "additional information."

On February 27, 2009, Allstate's counsel apparently left a telephone message for Burkette's counsel, in an effort at scheduling a conference to discuss the outstanding discovery responses.  Additionally, on March 2, 2009, Allstate's counsel sent a letter to Burkette's counsel regarding the status of receiving the plaintiff's discovery responses and the documentary evidence needed to move to this matter forward; in that letter, Allstate's counsel indicated that he would file a motion to compel if satisfactory responses were not received by March 12, 2009.  When Allstate still had not received Burkette's responses as of March 31, 2009, Allstate filed the present motion.  Through its motion, it seeks an order compelling Burkette to fully answer the First and Second Interrogatories and Requests for Production of Documents within ten (10) days and awarding it the attorney's fees that it incurred in preparing and filing its motion to compel, suggesting $300.00 as a reasonable and appropriate amount.

## **LAW & ANALYSIS**

In his opposition to Allstate's motion, Burkette indicates that he fully responded to Allstate's first and second sets of discovery responses.[1]  He asserts that, although Allstate contends that his responses to its first set of discovery responses are "sparse and

---

[1] According to the exhibits attached to Burkette's opposition, his responses to Allstate's first set of discovery responses were propounded and faxed to Allstate's counsel on October 27, 2008.

incomplete," Allstate fails to state what specific information is incomplete and needs to be amended. Burkette further asserts, contrary to Allstate's contention, that he responded to Allstate's second set of discovery requests and served such responses upon Allstate via facsimile and regular mail on December 24, 2008.

The Court finds that Allstate's motion to compel concerning its first set of discovery requests should be denied without prejudice because Allstate has failed to identify in its motion the particular discovery responses at issue and the specific deficiencies within each of those responses. Allstate, of course, is free to reassert its motion concerning those responses at a later date if that future motion contains references to the particular discovery responses at issue and an identification of the problems within those responses.

As to Allstate's second set of discovery requests, it appears, based upon the evidence submitted with Burkette's opposition, that Burkette indeed transmitted responses to those requests to Allstate's counsel on December 24, 2008. Whether or not Allstate's counsel actually received those responses is another question. Regardless, Allstate now has a copy of Burkette's discovery responses before it by virtue of those responses being attached to Burkette's opposition to its motion to compel. As such, Allstate's motion to compel relative to the second set of discovery requests will also be denied without prejudice to Allstate refiling such motion in the event it deems Burkette's responses to its second set of discovery to be incomplete. As with the first set of discovery, if such a future motion is filed, Allstate shall specifically identify the discovery responses in question and the deficiencies within those responses.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Discovery (R. Doc. 14) filed by defendant, Allstate Insurance Company, is hereby **DENIED WITHOUT PREJUDICE** to Allstate refiling the motion at a later date if that motion contains references to the particular discovery responses at issue and an identification of the deficiencies in those responses.

Signed in chambers in Baton Rouge, Louisiana, April 17, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**