UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BILLY BURKETTE | CIVIL ACTION NO. 3:08-CV-00386 |
| VERSUS | JUDGE JAMES BRADY |
| ALLSTATE INSURANCE COMPANY | MAG. JUDGE CHRISTINE NOLAND |

### MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT

**MAY IT PLEASE THE COURT:**

This claim evolves from damage to plaintiff's residence and its contents after Billy Burkette cut a tree that fell on his own house. Additional damage resulted when the leaking hot water heater spilled into the house before Mr. Burkette could turn off the water supply.

Following the loss, Mr. Burkette allegedly enlisted Mike Wade (B.A.M. Construction, L.L.C.) to repair the damaged dwelling. After several adjustments and supplements, Allstate paid the policy limits of $150,000 for dwelling damage. However, Mr. Burkette claims that these payments were not enough to complete the dwelling repairs and that he is entitled to an additional $30,000, under the replacement provisions of the policy.

In discovery, Allstate has requested that Mr. Burkette document payment of all sums paid towards repair of the dwelling. He claims that large sums of cash were paid to Mike Wade (B.A.M. Construction, L.L.C.) to restore the structure. However, no records

of those cash payments have been provided. Discussions with plaintiff's counsel on those requests continue.

On August 19, 2008, Allstate issued a subpoena duces tecum to Mike Wade and his company, B.A.M. Construction, L.L.C., for any and all records relating in any manner to the repair of the dwelling of Burkette. The subpoena was served on Mike Wade on August 21, 2008. (Exhibit A). Mr. Wade has produced no documents. His initial excuse was that his computer was damaged by Hurricane Gustav. In subsequent conversations, he conceded that there should be in his files, receipts for materials, records of payment to subcontractors, bank deposit records, his accounting records, cancelled check,s his tax returns for 2007 and 2008, and other records relating to his alleged repair of Burkette's dwelling. Mr. Wade allegedly received $148,000.00, in cash and materials from Mr. Burkette.

Allstate filed a Motion to Compel Discovery and For Contempt upon Mike Wade on March 31, 2009. However, counsel did not request that the matter be set for hearing in hopes that Mr. Wade would comply without a Court order. Counsel mailed a copy of the Motion to Compel for Contempt to Mike Wade on April 1, 2009. (Exhibit B). On April 6, 2009, Mike Wade called undersigned counsel and had a long discussion about what documents were available and could be produced in response to the subpoena duces tecum. During that telephone call, a meeting was scheduled for Monday, April 13, 2009, between 8:30 a.m. and 9:00 a.m., for Mr. Wade to produce documents in response to the subpoena. A letter dated April 7, 2009, was sent to Mr. Wade confirming the telephone conference, meeting time and location. (Exhibit C) Mr. Wade did not appear at the

meeting on April 13, 2009, but left two voicemails stating he had to go to Starksville, Mississippi. After speaking with Mr. Wade on April 13th, a meeting was scheduled for the afternoon of Wednesday, April 15th. Again, Mr. Wade did not show up. On Thursday morning, he left a voicemail that he missed the meeting due to a job and would be in class until 4:00 p.m., and that he would come after that time. Mr. Wade did not show up. Early on Friday, April 17th, Mr. Wade came by the undersigned's office unexpectedly and dropped off a three page estimate with some notes. (Exhibit D) Neither counsel, nor his paralegal Holly Cambre were in the office. That document is not responsive to the subpoena.

The three-page document is the same estimate produced to Allstate before litigation began. It does not show what payments were actually made to Mr. Wade. Mr. Wade said he could produce receipts for materials, tax returns, payments to subcontractors and laborers, accounting and bank statements, which would evidence payments made by Billy Burkette and actual work on Burkette's dwelling.

These documents are necessary because plaintiffs are unable to produce any documents showing what monies were spent for repair to their dwelling and Allstate has serious doubts that significant funds were spent for dwelling repair.

Allstate seeks an Order, under Rule 45 (d) and (e), holding Mr. Wade in contempt if he can not show cause why he has not reasonably complied with Allstate's subpoena. He should be assessed attorneys' fees and costs for the necessity of this motion.

Respectfully Submitted:

FORRESTER & DICK

S/David C. Forrester
—————————————————
DAVID C. FORRESTER, Bar Roll No. 5710
MARK G. MURPHEY, Bar Roll No. 26438
4981 Bluebonnet Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 928-5400
Facsimile: (225) 928-7733
Email: david@forresterdick.com

## CERTIFICATE

I hereby certify that on April __30__, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mr. Stephen M. Irving, I further certify that I mailed the foregoing document and the notice of electronic filing by certified mail to the following non-CN/ECF participants:

Mr. Mike Wade
B.A.M. Construction, L.L.C.
5802 Manassas Drive
Baton Rouge, LA 70817

Mr. Wade will also receive formal service by a process server.

s/David C. Forrester
—————————————————
DAVID C. FORRESTER